UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>EUGENI STOYTCHEV,<br><br>　　　　　　Defendant. | Case No. 2:11-cr-00434-LDG-PAL<br><br>**ORDER**<br><br>(Mot. Return Property - Dkt. #195) |

　　　Before the court is Defendant Eugeni Stoytchev's Motion to Return Money and Personal Items Seized Upon Defendant's Arrest (Dkt. #195). The court has reviewed Stoychev's Motion, the government's Response (Dkt. #198), and Stoychev's Reply (Dkt. #199).

　　　The Defendant Eugeni Stoytchev ("Stoytchev") is charged in an indictment with wire fraud in violation of 18 U.S.C. § 1343, and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. He was arrested in Virginia on December 14, 2011. In the current motion, he seeks the return of approximately $2,600.00 in cash and other personal property seized at the time of his arrest. The motion is supported by the affidavit and other documents submitted by his father, Boyjidar Stoytchev, who avers that the $2,600.00 in Stoytchev's possession at the time of his arrest was money from the father's savings account, and not proceeds from any criminal activity. Stoytchev also seeks the return of personal property taken from him at the time of his arrest such as his cell phone, laptop, and the power supply for his laptop. Counsel for Stoytchev requested the return of this property from government counsel approximately two months ago. The government has not filed a forfeiture action pursuant to 18 U.S.C. § 982. For these reasons, the court should order that the personal property seized from Stoytchev be returned to him, and the cash returned to his father.

The government opposes the motion on the grounds that it is premature and untenable. The government concedes that it is possible that the money seized from the Defendant on the date of his arrest, had been withdrawn from Boyjidar Stoytchev's bank account. However, even if this is true, the exhibits presented with the motion are insufficient to establish that the money is not the product of criminally derived proceeds. Additionally, even if the money is not tainted by criminally derived proceeds, Stoytchev claims that it actually belongs to his father and therefore lacks standing to make a claim for the return of the money. The government contends that 21 U.S.C. § 853(n) is the exclusive means for third parties to claim interest in property subject to criminal forfeiture citing *United States v. Nava*, 404 F.3d 1119, 1125 (9th. Cir. 2005).

The government also contends that the majority of the Defendant's personal property was returned to him following his appearance in this district. The government retained a number of digital devices which could potentially be instruments of or contain evidence of Stoytchev's criminal activity. The property retained is described with specificity in the opposition. The government has conducted forensic examinations of the digital devices seized from the Defendant, and agrees to release the items of no evidentiary value as soon as its forensic examination is completed. The government still needs to translate communications recovered from the computers and examination of the Apple iPad and iPhone has been delayed because of password and encryption issues. The government invites Stoytchev to expedite its forensic examination by providing the passwords for these devices.

Stoytchev's reply concedes that he lacks standing to seek the return of the $2,600.00 in cash seized from his person. The government's response does not indicate whether the electronic devices that have been forensically examined contain anything of evidentiary value. If not, they should be returned. Stoytchev argues that "[t]he <u>burden</u> to prove that Defendant Stoytchev is entitled to possess said items of non-evidentiary value <u>is not required</u>." Citing *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (emphasis in original). He therefore asks that any electronic devices determined to have no evidentiary value be returned to him. Alternatively, he requests that the government inform Stoytchev which items have evidentiary value and when the government will determine whether any remaining devices have evidentiary value.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. The Motion to Return Property (Dkt. #195) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** to the extent the government shall have until **July 5, 2012,** to return any electronic devices the government has determined contain nothing of evidentiary value.

2. The government shall have until **July 5, 2012**, to advise counsel for Stoytchev when the government's forensic review of the items in its possession will be completed.

3. The motion is **DENIED** in all other respects.

Dated this 21st day of June, 2012.

_____
Peggy A. Leen
United States Magistrate Judge